**Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**HAMMERMILL PAPER DIVISION OF INTERNATIONAL PAPER COMPANY, Defendant.**

**No. 92–0046–RV.**

United States District Court, S.D. Alabama, S.D.

July 24, 1992.

Marshall J. Breger, Sol. of Labor, U.S. Dept. of Labor, Bobbye D. Spears, George D. Palmer, L.K. Cooper, Jr., Birmingham, Ala., for plaintiff.

Ben H. Harris, Jr., Tracy P. Turner, Mobile, Ala., George R. Salem, Donald B. Ayer, Washington, D.C., for defendant.

## MEMORANDUM OPINION

VOLLMER, District Judge.

The Secretary of Labor instituted this enforcement action when defendant refused to produce "All safety compliance audits for the years 1989, 1990, and 1991," in response to an administrative subpoena duces tecum issued pursuant to section 8(b) of the Occupational Safety and Health Act. 29 U.S.C. § 657(b).[1] Defendant International Paper argues that the subpoenaed material is beyond the Secretary's statutory authority to obtain. Defendant also contends that it contradicts established agency policy for the Secretary to seek disclosure of an employer's voluntary self-audits in an OSHA enforcement investigation. The court sympathizes with the defendant's position that the Secretary of La-

---

1. Section 8(b) provides in pertinent part:
 In making his inspections and investigations under this Act the Secretary may require the attendance and testimony of witnesses and the production of evidence under oath.... In case of a contumacy, failure, or refusal of any person to obey such an order, any district court of the United States ... shall have jurisdiction to issue to such person an order requiring such person to appear to produce evidence ... relating to the matter under investigation or in question.

bor wrote the defendant, along with CEO's of other Fortune 500 companies, calling upon them to act in a leadership role in protecting the American workers from injury by implementing a safety and health audit, and produce a safer and more healthful work environment. There is no legal requirement on the defendant to have a Safety Compliance program in place nor to keep records on such program. (The government advises the court that International Paper Company was already adhering to this procedure prior to the Secretary's letter). The Secretary of labor has now subpoenaed these audit records, which such records were offered to be produced by the defendant if the Secretary would agree not to use such records for punitive purposes. The Secretary insists she is authorized, in her discretion, to require production of these records by subpoena. Notwithstanding the court's opinion that the Secretary of Labor should not undertake this action, this court does not have authority to control the exercise of discretion by the Secretary of Labor. The court is of the opinion, and finds that the Secretary of Labor has statutory authority to compel the present disclosure. Accordingly, the subpoena must be enforced.

The test for enforceability of an administrative subpoena was announced in *United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950). Under that test,

> an administrative subpoena should be enforced 'if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.'

*Federal Election Commission v. Florida for Kennedy Committee*, 681 F.2d 1281, 1284 (11th Cir.1982), *quoting Morton Salt*, 338 U.S. at 650, 70 S.Ct. at 368. Invoking only the first leg of *Morton Salt*, Defen-

dant argues that section 8(b) of the Occupational Safety and Health Act of 1970 (the Act), 29 U.S.C. § 657(b), does not permit the Secretary to subpoena voluntary employer self-audits. However, section 8(b) authorizes the Secretary, in "making his inspections and investigations under this Act [to] require the attendance and testimony of witnesses and the production of evidence under oath," relating to the matter under investigation. 29 U.S.C. § 657(b). The Secretary's subpoena authority under section 8(b) is therefore stated in the broadest terms possible, and is not limited by any other terms in the Act.[2] The Act simply contains no provision exempting self-audits or self-inspection reports from the Secretary's subpoena authority.

Nevertheless, defendant contends that section 8(c)(1), 29 U.S.C. § 657(c)(1), which does not address the Secretary's subpoena powers, but deals rather with her authority to promulgate recordkeeping regulations, dilutes the Secretary's section 8(b) investigative authority and "deprives the Secretary of authority to compel disclosure of self-inspection reports...." Defendant reasons that the Secretary may not obtain by administrative subpoena what she supposedly may not require by regulation to be compiled.

Section 8(c)(1) of the Act authorizes the Secretary to promulgate regulations requiring employers to keep and make available records of their activities relating to the Act. That section provides in pertinent part:

> Each employer shall make, keep and preserve, and make available to the Secretary ... such records regarding his activities relating to this Act as the Secretary ... may prescribe by regulation as necessary or appropriate for the enforce-

---

**2.** The drafters of the Act recognized the need for broad subpoena posers since the act represented an entry by the government into an area of broad national responsibility, [and] corresponding authority must be delegated to the Secretary in order that he may carry out this responsibility.... [The Act] grants the Secretary of Labor a subpoena power of books, records and witnesses—a power which is customary and neces-

sary for the proper administration and regulation of an occupational safety and health statute.

Staff of Senate Comm. on Labor and Public Welfare, 92d Cong., 1st Sess., Legislative History of the Occupational Safety and Health Act of 1970, at 852 (Comm. Print 1971) (report accompanying House bill); see *id.* at 152 (report accompanying Senate bill).

ment of this Act or for developing information regarding the causes and prevention of occupational accidents and illnesses. *In order to carry out the provisions of this paragraph such regulations may include provisions requiring employers to conduct periodic inspections.*

29 U.S.C. § 657(c)(1) (emphasis added). The underscored sentence in section 8(c)(1) was not included in the original Senate version of the Act, S. 2193, but was added in Conference. Staff of Senate Comm. on Labor and Public Welfare, 92d Cong., 1st Sess., Legislative History of the Occupational Safety and Health Act of 1970, at 547 (Comm. Print 1971) ("Leg. Hist."). The Senate bill had formerly provided that:

> Such regulations may include provisions requiring employers to conduct periodic inspections to determine their own state of compliance with this Act or with applicable standards, regulations, and orders, *and to certify the results of such inspections to the Secretary.*

Leg. Hist. at 548 (emphasis added). As Defendant points out, the Senate bill was indeed amended in conference, but only to delete the requirement that the results of a self-inspection be certified.

It cannot be concluded, from this limited legislative history, that "the Congress thus allowed the Secretary to require that [self-inspections] be prepared, but prohibited her from compelling disclosure of the results," as Defendant contends. Section 8(c)(1) itself says nothing about whether the Secretary may subpoena an employer's records of self-inspections, where such records exist and are relevant to an ongoing investigation. Section 8(c)(1) appears to be confined to the Secretary's authority to issue

regulations, and is thus not relevant to the court's inquiry in this enforcement action.[3]

 The intent of Congress is clear that the Secretary is authorized broad subpoena power not limited by the type of document sought. Therefore, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron, USA, Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984).[4] "When a challenge to an agency construction of a statutory provision, fairly conceptualized, really centers on the wisdom of the agency's policy, rather than whether it is a reasonable choice within a gap left open by Congress, the challenge must fail." *Id.* at 866, 104 S.Ct. at 2793. Accordingly, the subpoena must be enforced. An order in conformity with this Memorandum Opinion will be entered.

DONE.

### ORDER

In conformity with and pursuant to the Memorandum Opinion of the court contemporaneously filed herewith,

It is ORDERED, ADJUDGED and DECREED that the Petition for Enforcement of Administrative Subpoena Duces Tecum be and hereby is GRANTED; and

It is further ORDERED that respondent shall comply in every respect with the Subpoena Duces Tecum dated May 15, 1992; and

It is further ORDERED that the person named in the subpoena shall appear at the Mobile Area Office of the Occupational Safety and Health Administration on July

---

**3.** Even if the Court accepts defendant's invitation to read section 8(b) and section 8(c)(1) *in pari materia,* it is by no means clear that the latter provision acts as a limitation on the former. Section 8(c)(1) expressly authorizes the Secretary to issue regulations requiring an employer to "make, keep and preserve, and make available ... records regarding his activities relating to this Act ... as necessary or appropriate for the enforcement of this Act," and "such [recordkeeping] regulations may include provisions requiring employers to conduct periodic inspections." 29 U.S.C. § 657(c)(1). It makes

little sense to require employers to keep records of self-inspections, if the Secretary cannot require their production.

**4.** "The arguments over policy that are advanced in the parties' briefs create the impression that [Defendant and amicus curiae] are now waging in a judicial forum a specific policy battle which they ultimately lost in the agency ... but one which was never addressed to legislators or administrators, not to judges." *Chevron,* 467 U.S. at 864, 104 S.Ct. at 2792.

28, 1992 at 3:30 p.m., (or at the Mill if agreeable to both parties) and testify as required in the subpoena, and shall bring and produce the documents described in Item 1 of the subpoena: "all safety compliance audits for the years 1989, 1990, and 1991."